IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-29-BO

| | |
|---|---|
| AMOS N. JONES,<br>　　　　Plaintiff,<br><br>v.<br><br>CAMPBELL UNIVERSITY, *et al.*,<br>　　　　Defendants. | ORDER |

This cause comes before the Court on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendants Campbell University, John Bradley Creed, Robert Cogswell, and Timothy Zinnecker. Plaintiff has responded, defendants have replied, and the motion is ripe for ruling. Also pending is an unopposed motion to strike. For the reasons that follow, the pending motions are granted.

## BACKGROUND

Plaintiff instituted this action by filing a complaint in the Superior Court for the District of Columbia. The complaint was removed to the United States District Court for the District of Columbia and plaintiff filed a first amended complaint. [DE 14]. In his first amended complaint, plaintiff alleges that he was a law professor at Campbell Law School in Raleigh, North Carolina from July 2011 to May 2017. Plaintiff alleges that he was discriminated on the basis of his race in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, when Campbell University and its officers and employees failed to appoint plaintiff as a tenured professor at its law school faculty for the 2015/2016 academic year and the 2016/2017 academic year. Plaintiff further alleges that he was discharged from his employment in retaliation for filing a charge of discrimination with the Equal Employment Opportunity Commission. Plaintiff also

alleges claims for breach of contract, defamation, negligent supervision, common law fraud/false pretenses, intentional infliction of emotional distress, and conversion. Finally, plaintiff alleges claims against Catholic University of America for tortious interference with plaintiff's employment contract with Campbell University and invasion of privacy.

The District of Columbia district court (D.D.C.) entered an order on June 29, 2018, granting two motions to dismiss. [DE 36]. The first motion was filed by two defendants named in plaintiff's first amended complaint, Campbell Law School Dean J. Rich Leonard and Campbell Law School professor Susan Thrower, under Fed. R. Civ. P. 12(b)(2) and 12(b)(5). The second was filed by the remaining defendants associated with Campbell Law School, defendants Creed (President and CEO of Campbell), Zinnecker (Associate Dean of Campbell Law School), and Cogswell (General Counsel of Campbell), who argued that the United States District Court for the District of Columbia did not have personal jurisdiction over them. In its order, the D.D.C. court agreed that it lacked personal jurisdiction over any of the Campbell defendants and dismissed the claims against them.[1] After recognizing that plaintiff had abandoned count twelve against Catholic University in his opposition to Catholic's motion to dismiss, [DE 36 at 2 n.1], the court declined to exercise supplemental jurisdiction over the remaining claim against Catholic University, count eleven, and remanded that claim to D.C. Superior Court. [DE 35 & 36].

On a motion by plaintiff pursuant to Fed. R. Civ. P. 59(e), the D.D.C. court reconsidered its dismissal of counts one through ten and twelve of plaintiff's amended complaint, and instead ordered the transfer of those counts to this district in light of the fact that the statute of limitations

---

[1] In their motion to dismiss, defendants Leonard and Thrower joined the remaining Campbell defendants' Rule 12(b)(2) argument. The D.D.C. court considered the 12(b)(2) argument raised by all six of the Campbell-associated defendants and did not take up Leonard and Thrower's defense of insufficient service of process. [DE 36 at 2 n.2].

2

had expired. [DE 45].[2] Following dismissal of plaintiff's appeal, which had been lodged prior to his filing his motion pursuant to Fed. R. Civ. P. 59(e), the D.D.C. court ordered the case transferred to this district. [DE 48].

Defendants Campbell University, Creed, Cogswell, and Zinnecker now move to dismiss plaintiff's count nine, his claim for intentional infliction of emotional distress, for failure to state a claim upon which relief can be granted. Plaintiff opposes dismissal of this claim.

## DISCUSSION

At the outset, the Court enters the following to ensure that the proper claims and parties are proceeding in this case.

Count twelve

Count twelve of the amended complaint was alleged solely against defendant Catholic University and was abandoned by plaintiff in his response to Catholic's motion to dismiss. However, in plaintiff's Rule 59(e) motion, he requested that "the eleven counts against Campbell University, Counts 1-10 and 12" be transferred as opposed to dismissed. [DE 38]. The D.D.C. court granted this request, agreeing that the claims against the Campbell defendants should be transferred rather than dismissed outright in light of the expiration of the statute of limitations, and ordered counts one through ten and twelve transferred to this district. [DE 45 at 6].

Because the order transferring this case to this district expressly transferred count twelve, the Court deems this claim to be pending against defendant Catholic University. However, if plaintiff's request to transfer this claim was in error, as he requested only transfer of the "counts against the Campbell defendants," he shall notify this Court of his abandonment of this claim within ten days of the date of entry of this order.

---

[2] In this order, the court also imposed Rule 11 sanctions against plaintiff for his arguments in support of that court's personal jurisdiction over the Campbell defendants.

3

Defendants Leonard and Thrower

The remaining claims, counts one through ten, are alleged against all or some of the six defendants associated with Campbell University – the University itself, Creed, Cogswell, Zinnecker, Leonard, and Thrower. The D.D.C. court did not consider Leonard and Thrower's Rule 12(b)(5) argument, but rather considered all six Campbell defendants' argument that that court lacked personal jurisdiction over them. After finding it lacked personal jurisdiction over the six Campbell defendants, the D.D.C. court found dismissal of those claims to be the proper remedy. The D.C. district court then amended its order only as to the relief granted and transferred counts one through ten rather than dismissing them.

An order was entered by the D.D.C court granting Leonard and Thrower's motion to dismiss [DE 35], and Leonard and Thrower's request for dismissal pursuant to Rule 12(b)(5) is no longer pending despite the fact that it was not considered by the D.D.C. court. However, the docket plainly does not reflect that service on defendants Leonard and Thrower has been effected within the time provided by Fed. R. Civ. P. 4. Accordingly, plaintiff shall SHOW CAUSE within ten days of the date of entry of this order why defendants Leonard and Thrower should not be dismissed pursuant to Fed. R. Civ. P. 4(m).

Motion to dismiss

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

4

to relief' requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc., v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000).

Defendants Campbell University, Creed, Cogswell, and Zinnecker have moved to dismiss plaintiff's claim for intentional infliction of emotional distress. In order to prove a claim for intentional infliction of emotional distress under North Carolina law, which the parties agree applies, plaintiff must be able to demonstrate that the defendants engaged in "extreme and outrageous conduct which caused severe emotional distress." *Blakeley v. Town of Taylortown*, 233 N.C. App. 441, 448 (2014) (internal quotation and citation omitted). "Defendants' conduct must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible grounds of decency.'" *Pierce v. Atl. Grp., Inc.*, 219 N.C. App. 19, 32 (2012) (citation omitted). The emotional distress caused must be of a serious nature, examples of which include neurosis, psychosis, and chronic depression. *Id.*

Plaintiff has failed to state a plausible claim for intentional infliction of emotional distress. Plaintiff alleges that the distress caused by defendants caused him to begin experiencing serious stress-related medical problems in late January 2017, which included anxiety, stress, insomnia, and serious skin breakouts. Amd. Cmpl. ¶ 150. Plaintiff has not, however, alleged that he suffered any type of "severe and disabling emotional or mental condition." Nor has he alleged that these conditions were chronic, and plaintiff agrees that a temporary condition may not form the basis of an intentional infliction of emotional distress claim. *See Johnson v. Ruark Obstetrics &*

5

*Gynecology Assocs., P.A.*, 327 N.C. 283, 303 (1990). Moreover, to the extent the Court can consider the attachments to plaintiff's response in opposition to the motion to dismiss, which tests only the sufficiency of the complaint, plaintiff's own evidence demonstrates that his conditions did not interfere with his functional ability as of March 13, 2017. [DE 67-7].

Because plaintiff has failed to allege that he suffered any severe or serious emotional distress plaintiff has failed to state a claim for intentional infliction of emotional distress under North Carolina law. Count nine of the amended complaint is properly dismissed.

## CONCLUSION

Accordingly, for the foregoing reasons, the motion to dismiss filed by defendants Campbell University, Creed, Cogswell, and Zinnecker [DE 61] is GRANTED and count nine of the amended complaint is DISMISSED. The unopposed motion to strike [DE 73] is also GRANTED. Plaintiff's corrected response at [DE 72] is hereby STRICKEN. Plaintiff shall notify this Court whether he intended to abandon count twelve of the amended complaint within ten days of the date of entry of this order. Plaintiff shall further SHOW CAUSE within ten days of the date of entry of this order why defendants Leonard and Thrower should not be dismissed pursuant to Fed. R. Civ. P. 4(m).

SO ORDERED, this 27 day of May, 2020.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE