# Exhibit 2

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:20-CV-00029-BO

| | |
|---|---|
| AMOS N. JONES, | ) |
| Plaintiff, | ) |
| v. | ) **PLAINTIFF AMOS N. JONES'S** |
| | ) **RULE 26 INITIAL DISCLOSURES** |
| CAMPBELL UNIVERSITY, INC. et al., | ) |
| Defendants. | ) |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiff Amos N. Jones hereby makes the following initial disclosures. The disclosures made are not intended to, and do not, waive any privilege (e.g., the attorney-client, the privilege embodied in the attorney work product doctrine). The Plaintiff objects to the disclosure of information that is so protected. To the extent that Plaintiff inadvertently discloses information that may be protected from discovery under the attorney-client privilege, the work-product doctrine, or any other applicable privilege, such inadvertent disclosure does not constitute a waiver of such privilege(s). The information set forth below is provided without, in any manner, waiving: (1) the right to object to the use of any response for any purpose, in this action or any other actions, on the grounds of privilege, relevance, materiality, or any other appropriate grounds; (2) the right to object to requests involving or relative to the subject matter of the response herein; (3) the right to revise, correct, supplement, or clarify any of the responses provided below, at any time.

The foregoing information is made upon the information available to Plaintiff at the present time and disclosures made to the best of Plaintiff's knowledge. Plaintiff expressly reserves his right to supplement any disclosures made herein in accordance with the Federal Rules of Civil Procedure and the rules of this Court.

I. **INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION**

Based on the information known at this time, Plaintiff discloses that the following individuals who are likely to have discoverable information that Plaintiff may use to support his claims, unless the use would be solely for impeachment. Plaintiff lists the name and, in many cases, the known address and/or telephone number of each individual likely to have discoverable information, along with the subject(s) of that information, that the Plaintiff may use to support his claims, unless the use would be solely for impeachment.

| Name and Available Contact (Plaintiff) | Subjects of Information |
|---|---|
| **Amos N. Jones** <br> Contact through counsel. | Defendants' discriminatory recruitment, hiring, promotion, retention, and dismissal practices as they relate to race and as they relate to retaliation for engaging in civil-rights activity, Defendants' pretexts for discrimination, and all regards to breached promises made by, fraud and defamation committed by, and conversion of property by Defendants along all other claims articulated in the Complaint and/or any Amended Complaint. |

| Name and Available Contact (All Others) | Subjects of Information (continued) |
|---|---|
| **Debra Katz** <br> Katz, Marshall & Banks, LLP. <br> (202) 299-1140 <br> 1718 Connecticut Ave NW, Sixth Floor, <br> Washington, DC 20009 <br><br> **Josh Van Kampen** <br> Van Kampen Law, P.C. \| (704) 247-3245 <br> 315 E Worthington Avenue <br> Charlotte, NC 28203 <br><br> **Arinderjit Dhali** <br> dHALI PLLC \| (202) 556-1285 <br> 1828 L Street NW #600 <br> Washington, DC 20036 <br><br> **Geraldine Sumter** <br> Ferguson, Chambers & Sumter, P.A. <br> (704) 375-8461 <br> 309 E Morehead Street, Unit 110 <br> Charlotte, NC 28202 | Plaintiff's attorneys' fees |

| | |
|---|---|
| **Jalila Jefferson-Bullock**<br>Duquesne University Law School<br>Room 321, Hanley Hall<br>600 Forbes Avenue<br>Pittsburgh, PA 15282<br>(412) 396-6287<br><br>**Wendy Scott**<br>Elon University Law School<br>201 North Greene Street<br>Greensboro, NC 27401<br>(504) 239-0391<br><br>**Anthony Baker**<br>Atlanta's John Marshall Law School<br>1422 West Peachtree Street NW<br>Atlanta, GA 30309<br>(678) 916-2645<br><br>**Verlena Moss**<br>113 McCoy Drive<br>Smithfield, NC 27577<br>(919) 594-2247<br><br>**Christopher Ogolla**<br>Atlanta's John Marshall Law School<br>1422 West Peachtree Street NW<br>Atlanta, GA 30309<br>(916) 525-3920<br><br>**Monica Webb-Shackleford**<br>Webb-Shackleford PLLC<br>9121 Anson Way, Suite 200<br>Raleigh, NC 27615<br>(919) 578-9032<br><br>**Dexter Smith**<br>William & Mary Law School<br>613 South Henry Street<br>Williamsburg, VA 23185<br>(757) 221-3795<br><br>**Kanika Blue Capel**<br>5020 Castleman St<br>Pittsburgh, PA, 15232-2107 | Defendants' recruitment, interviewing, hiring, failure to hire/retain, and termination practices, specifically as they relate to disparate treatment of **Black** candidates, applicants, hires, and **displaced** and/or former **faculty/staff**, as well as the treatment and promotion of ethnic minorities as applicants, students, faculty, and staff at Campbell University and Defendants' patterns and practices effecting disparate impact on Black people |

3

Case 5:20-cv-00029-BO   Document 83-2   Filed 06/12/20   Page 4 of 11

| | |
|---|---|
| **Rodney F. Page**<br>*Former Managing Partner, Washington*<br>*Former Managing Partner, London*<br>BRYAN CAVE LEIGHTON PAISNER LLP<br>1155 F Street NW<br>Washington, D.C. 20005<br>(202) 508-6000 | Defendants' disruption and **destruction** of Plaintiff's rapidly rising international legal **career** |
| **Vanessa J. Gallman**<br>President, National Conference of Editorial Writers and 22-year-long Editorial Page Editor of *Lexington Herald-Leader* (retired 2019)<br>3899 N Front St.<br>Harrisburg, PA 17110<br>(717) 703-3015 | Defendants' disruption and **destruction** of Plaintiff's rapidly rising international journalism **career** |
| **Robyn Nicole Sanders**<br>**(current student)** | Defendant's malice and distain toward ethnic minorities and the discriminatory practices against **Black students** including by white Associate Dean Ludington who earned her job in Spring 2017 in Defendant's non-competitive process designed to prevent at least one qualified Black professor from applying |
| **Darnell Green**<br>Black student of Plaintiff expelled by Defendants and former student of Plaintiff under Defendants | Defendant's throwing out a Black military veteran who never failed a course, Defendant Zinnecker's refusal to cooperate in her transfer into a Black law school, and subsequent years and expense lost off her life despite Plaintiff's written support of her appeal and discrediting/repealing of policy Defendant Zinnecker used to destroy her access to Historically Black legal education post-Campbell Law |
| **Aphreka Jemison, Esq.**<br>Black alumna of Defendant Campbell Univ.; Student of Plaintiff in Fall 2010 in class in which she cross-registered at North Carolina Central Law | Defendant's tolerance for white student who referred openly to Blacks as "niggers" until she objected, only to find herself forced to repeat her 1L year at Campbell Law |
| **Ian Gove, Esq.** | Plaintiff's effectiveness as an inter-racial and |

| | |
|---|---|
| White Republican alumnus of Defendant Campbell Univ. and former student of Plaintiff under Defendants<br><br>**Full Professor of Law Kevin P. Lee**<br>Campbell University Law School<br>(734) 330-9835 | cross-partisan bridge-builder among students, faculty, staff, and alumni, in contrast to all Defendants<br><br>All of the above-referenced racial animus documented over more than a decade and specific disparate treatment against Plaintiff in Defendants' processing of both of his tenure applications as well as "hostile work environment" he volunteered in reference-check interview recorded by Alison & Taylor in 2019 |
| **Name and Available Contact (Expert Witnesess)** | **Subjects of Information (continued)** |
| **Dr. Gregory Parks**<br>Associate Dean of Research, Public Engagement, & Faculty Development and Professor of Law<br>Wake Forest University School of Law<br>1834 Wake Forest Road<br>Worrell Professional Center, #3346<br>Campus Box 7206<br>Winston-Salem, NC 27109<br>PH: (336) 758-2170 | Expert testimony as to Defendants' racially discriminatory tenure and promotion practices and Campbell Law's biased racial climate, along with the deleterious consequences on denial of terminal year on law professors' faculty development and public engagement |
| **Richard B. Edelman, Ph.D.**<br>Professor Emeritus of Finance<br>The American University<br>8515 Whittier Boulevard<br>Bethesda, MD 20817-6816<br>(301) 469-9575 | Economic damages caused by Defendants' destruction of career and economic opportunities that would have been available to Plaintiff but for the illegal actions of Defendants |

## II. TANGIBLE EVIDENCE IN PLAINTIFF'S CONTROLL

*A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.*

1. Documents relating to Plaintiff's employment, performance, and compensation, which are within Plaintiff's possession custody or control or in off-site storage in two other states.

2. Documents relating to Plaintiff's performance, job responsibilities, and compensation which are within Plaintiff's possession custody or control or in off-site storage in two other states.

3. Documents relating to Campbell University's relevant policies and procedures, which are within Plaintiff's possession custody or control or in off-site storage in two other states.

5

4. Documents relating to Plaintiff's application for other positions, which are within Plaintiff's possession custody or control or in off-site storage in two other states.

5. Documents and/or communications relating to allegations made by Plaintiff, including but not limited to medical treatment, which are within Plaintiff's possession custody or control or in off-site storage in two other states.

III. **DAMAGES COMPUTATION**

*A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.*

**Compensatory Damages**: When Plaintiff's six years of employment by Defendant ended on May 14, 2017, his ending salary was $127,000/year in a nine-month work year with a vested 401(k) in which Defendant matched 1.6 times that annual salary every year because he had contributed 5.00% of it over five year. He also earned healthcare benefits. In Fall 2015, when Defendant withdrew his salary because he visited at the University of Oxford, his salary was to have been approximately $121,000.

Terminal Year salary denial, 2017-18: **$130,000**

Due to misrepresentations of the Dean, Plaintiff was not paid during Fall 2015 during an Oxford-visit semester. Dean represented to Plaintiff and Plaintiff relied on Dean's representations that Oxford visit would enhance tenure application and professional growth.
**$60,500**

401(k) matching for 2 above periods (8½ percent match, assuming 0 net growth): **$15,240**

Healthcare replacement costs from June 2017: **$18,000**

Missing Summer Research Grant for Summer 2017 Maynard Jackson project: **$1500**

Conference fee, travel, and prep to Langston Workshop, Philadelphia, July 2017: **$1000**

Conference fee, travel, and prep to SEALS 2017 (Palm Beach, Fla.): **$1700**

Second-car lease for N.C. in reliance on Dean's
annual review in 2016 regarding tenure **$36,000**

Real estate costs of having to sell first Raleigh home (closing 8/2016),
which had to be immediately sold in 11/2017 when it would not rent

and Defendant would not re-hire (difference between 2017 sale price
of $191,000 and current value, $234,000)     **$43,000**

AALS charges/interviewing for applying to all law schools in July 2017-Oct. 2017
and attending annual Faculty Recruit Conference for one or two interview callbacks:     **$900**

Expired Elon, Campbell, and Marquette law review invitations due to career scramble     **$TBD**

International Anesthesiologists Research Society Convention Presentation Expenses:
$1,800 x 2 years (2018 Chicago, 2019 Montréal)     **$3,600**

No law-teaching job offers, including at lesser schools, part-time, and adjunct,
2017 to present     **$TBD**

Damages from costs incurred having to seek jobs in Fall 2017 and beyond:     **$TBD**

    Plaintiff is entitled to receive payment for Emotional Distress, the amount of which will be assessed by a jury in accordance with applicable legal limits and judicial discretion.

**Conversion**

Plaintiff is entitled to costs related to Defendants' conversion of Staples
orthopedic office chair bought in Fall 2016 and replaced     **$175**

and the 96-book volume of hardbound Wright and Miller Federal Practice
treatise gifted to Plaintiff by historic Powell Goldstein firm in Spring 2009     **$3,600**

**Pain and Suffering**

Plaintiff was portrait of perfect health certified prior to U.K.'s visa grant in May 2015, contrasted with D.C. doctors in four specialties certifying collapse in Spring 2017 amid Defendant's IIED: internist (Schapiro), dermatologist (Burgess), orthopedic surgeon (Haque), and ophthalmologist (*see* Lobaugh, the referring optometrist). Jones was declared cured in late May 2017 by Schapiro and Haque; however, symptoms returned in April 2020 after Campbell revealed in their Answer to the lawsuit and in a letter to Jones's attorneys that they were intentionally holding his personal property hostage.

    Plaintiff is entitled to receive payment for Emotional Distress, the amount of which will be assessed by a jury in accordance with applicable legal limits and judicial discretion.

**Interest on Back Pay**: Interest is calculated at the highest lawful legal rate as may be determined as a matter of law.

**Court Costs**: Plaintiff is entitled to reimbursement of total court costs, an amount not calculable until the termination of litigation.

**Expert Fees**: Plaintiff has yet to incur fees associated with securing an expert witness. These costs will be assessed and response seasonable supplemented as litigation progresses.

**Pre-Judgement Interest**: Interest is calculated at the highest lawful legal rate as may be determined as a matter of law.

**Punitive Damages**: Plaintiff computes punitive damages in this case at an amount to be determined by a jury and in accordance with applicable law. Understanding the purpose of the assessment and availability of punitive damages, in light of the various claims made by Plaintiff and the supporting facts, Plaintiff estimates punitive damages in this case to exceed **$1,000,000.**

**Attorneys' Fees**: Plaintiff has incurred $297,425 in attorneys' fees at present. These fees continue to accrue and should be determined by a jury upon the termination of liability.

IV. **INSURANCE AGREEMENTS**

*For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.*

Plaintiff possesses no insurance agreement under which liability may be satisfied in the case of a possible judgment against Plaintiff. Further, Plaintiff is not being sued in this case, rendering this disclosure inapplicable.

Respectfully submitted this the 18th day of May 2020.

/s/ Jeremy D. Adams
Jeremy D. Adams
N.C. State Bar No. 44160
BRATCHER ADAMS FOLK, PLLC
5000 Centregreen Way, Suite 500
Cary, NC 27513
Tel.: (919) 825-1250 | Fax: (919) 882-8297
jadams@bafolk.com
*Attorney for Plaintiff Amos N. Jones*

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:20-CV-00029-BO

| | |
|---|---|
| AMOS N. JONES, | ) |
| Plaintiff, | ) |
| v. | ) **CERTIFICATE OF SERVICE** |
| CAMPBELL UNIVERSITY, INC. et al., | ) |
| Defendants. | ) |

The undersigned certifies that **PLAINTIFF'S RULE 26 INITIAL DISCLOSURES** was this day served upon the other parties to this action via electronic mail as consented to by counsel, properly addressed to their attorney, pursuant to Rule 5 of the Federal Rules of Civil Procedure as follows:

    Regina W. Calabro, Esq.
    regina.calabro@ogletreedeakins.com
    Thomas A. Farr, Esq.
    thomas.farr@odnss.com
    Alyssa M. Riggins, Esq.
    alyssa.riggins@ogletreedeakins.com
       OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
    8529 Six Forks Road, Suite 600
    Raleigh, NC  27615
    Telephone: (919) 787-9700 | Facsimile: (919) 783-9412
       *Attorneys for Defendants Campbell University, Inc.,* et al

This the 18th day of May, 2020.

          /s/ Jeremy D. Adams
          Jeremy D. Adams
          N.C. State Bar No. 44160
          BRATCHER ADAMS FOLK, PLLC
          5000 Centregreen Way, Suite 500
          Cary, NC 27513
          Tel.: (919) 825-1250 | Fax: (919) 882-8297
          jadams@bafolk.com
          *Attorney for Plaintiff Amos N. Jones*