IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-29-BO

| | | |
|---|---|---|
| AMOS N. JONES, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAMPBELL UNIVERSITY, *et al.*, | ) | |
|     Defendants. | ) | |

This cause comes before the Court on plaintiff's motion for Rule 37(b) sanctions. Defendants have responded, plaintiff has replied, and the matter is ripe for ruling. For the reasons that follow, the motion for sanctions is granted.

## BACKGROUND

For the purposes of this order, and the sake of brevity, the Court presumes familiarity with the factual and procedural background of this action.

## DISCUSSION

Plaintiff seeks sanctions against defendants pursuant to Rule 37(b) of the Federal Rules of Civil Procedure for their violation of Local Alternative Dispute Resolution (ADR) Rule 101.1d. Pursuant to this Court's local rules, this case is subject to mandatory mediation. *See* [DE 66]. On June 19, 2020, beginning at approximately 9:30 a.m., the parties participated in a mediation with Court-appointed mediator Patricia Holland at the law offices of defendants' counsel in Raleigh, North Carolina. The selection of the mediator, the date, and the location of the mediation was by agreement of the parties. Plaintiff and his out-of-state counsel both traveled to Raleigh for the mediation and plaintiff's local counsel was also present.

Present for the defendants at the mediation were non-party J. Rich Leonard, Dean of Campbell Law School and a dismissed defendant in this action, defendant Robert Cogswell, General Counsel of defendant Campbell University, and defendants' counsel.[1] At the outset of the mediation, plaintiff objected to the absence of the remaining defendants, J. Bradley Creed, the President of Campbell, and Timothy Zinnecker, a Campbell Law professor. In response, Dean Leonard and defendant Cogswell informed plaintiff and the mediator that they had complete authority to settle the case. Mediator Holland asked plaintiff and his counsel if they wished to proceed with the mediation and they agreed to do so. The mediation lasted until approximately 6:00 p.m. when Mediator Holland declared an impasse.

Plaintiff now seeks sanctions against defendants for failure to appear at the scheduled mediation as required by Local ADR Rule 101.1d(d). Local ADR Rule 101.1d(d) provides that the following persons shall be physically present at the entire mediated settlement conference: individual parties, at least one attorney of record for each represented party, and a representative of the insurance carrier.

Local ADR Rule 101.1d(h) contemplates the imposition of sanctions under Fed. R. Civ. P. 37(b) if a person fails to attend a mediated settlement conference without good cause or engages in misconduct during or in connection with the mediation. Rule 37(b) contemplates a number of sanctions for failing to obey a discovery order, which include striking pleadings, staying the proceedings until the order is obeyed, dismissing the action in whole or in part, and entering default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). A district court enjoys wide discretion in determining whether to issue sanctions under Rule 37. *See, e.g., S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595 (4th Cir. 2003). Local ADR Rule

---

[1] All defendants are represented by the same counsel.

101.1d(h) further contemplates sanctions in addition to those provided under Fed R. Civ. P. 37(b), which include but are not limited to imposition of costs or attorney fees, mediator fees, and expenses of persons incurred in attending the conference.

Defendants do not dispute that not all defendants were present at the scheduled mediation, or that a representative of the insurance carrier was not present. Defendants further do not contend that they requested that the attendance of the remaining defendants or a representative of the insurance carrier be excused, or that such request was agreed to or allowed. *See* Local ADR Rule 101.1d(d)(2). Rather, defendants argue that they substantially complied with the Local ADR Rules, that any violation of the rules was technical, and that by agreeing to proceed with the mediation plaintiff either consented to the absence of the two remaining individual defendants or waived any objection he had to any alleged technical violation of the Local ADR Rules.

Defendants' response brief demonstrates that defendants were aware that defendants Zinnecker and Creed would not be present at the mediation, nor would a representative of the insurance carrier, due to work obligations and travel restrictions due to the COVID-19 pandemic. Defendants were therefore well-positioned to seek excusal of these persons either by agreement of plaintiff and Mediator Holland or order of the Court prior to the commencement of the mediation, but for some unknown reason failed to do so.

Plaintiff's agreement to proceed with the mediation does not excuse defendants' violation of the Local ADR Rules, technical or not. Plaintiff and his counsel had traveled from Washington, D.C., and New York, respectively, during the COVID-19 pandemic, and it is understandable that upon the representation that those present had the authority to, in fact, settle the case, the most expeditious course was to remain in Raleigh and attempt to settle the case. Indeed, when proffering the reasons that parties required to attend did not appear, defendants note that defendant Creed

3

runs a major university that is dealing with the COVID-19 crisis and the insurance carrier representative was under a travel restriction from his employer due to the COVID-19 pandemic. The fact that the mediation was able to proceed, however, directly impacts what if any sanction the Court will impose on defendants for failing to abide by the Court's Local Rules.

In light of the circumstances, most importantly that the mediation was able to be conducted, the Court determines that a modest sanction in the amount of $500 payable to plaintiff is appropriate. The Court declines to assess any further costs or fees against defendants or to order a second mediation as requested by plaintiff. Of course, the parties are free to engage in private mediation at any time.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for sanctions [DE 87] is GRANTED. Defendants are ORDERED to pay to plaintiff the amount of $500.00. All other requests for relief are denied.

SO ORDERED, this 2J day of September, 2020.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE