# EXHIBIT D

# Ogletree Deakins

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

Forum IV
8529 Six Forks Road, Suite 600
Raleigh, NC 27615
Telephone: 919-787-9700
Facsimile: 919-783-9412
www.ogletree.com

Thomas A. Farr
919-789-3174
thomas.farr@ogletree.com

September 11, 2020

## RULE 408 COMMUNICATION
## VIA EMAIL

Jeremy D. Adams
Bratcher Adams Folk PLLC
500 Centregreen Way, Suite 500
Cary, N.C. 27513

RE:   Jones v. Campbell University Incorporated, et al.
      Offer of Settlement to be Withdrawn if not Accepted by COB on 9-14-20

Dear Mr. Adams:

These settlement discussions need to be concluded. Campbell University Incorporated ("Campbell" or "UNIVERSITY") is making this offer to settle as a final effort to resolve its differences with Mr. Jones.

The purpose of this letter is to summarize in one document the terms of Campbell's current settlement offer. This letter therefore reflects the compilation of the terms we have proposed in our letters of August 27, 2020, September 1, 2020, and September 9, 2020. We have also incorporated some of the terms you proposed in your email of August 31, 2020, and we have included a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Mr. Jones needs to accept this offer as it is written by the close of business on Monday, September 14, 2020, or this offer is withdrawn.

If the offer is withdrawn, any possible future settlement will be based upon a settlement ▮▮▮▮▮▮▮ to Mr. Jones that is substantially below ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, because of the fees and costs Campbell continues to incur.

### TERMS OF SETTLEMENT

(1)   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Campbell will ▮▮▮▮▮▮▮▮ to Mr. Jones ▮▮▮▮▮▮▮▮▮▮▮▮▮. This amount will be the only ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

(2)   *Mutual and Reciprocal Release.*

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville ▪ Houston
Indianapolis ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis ▪ Montréal (Canada) ▪ Morristown
Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland, ME ▪ Portland, OR ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

    (a)    Mr. Jones will sign a Release and Settlement Agreement ("Agreement"). The Agreement will contain a mutual and reciprocal release with all parties releasing each other from all known and unknown claims. The persons released by Mr. Jones will include all Campbell and all of the other defendants in this case and the former defendants, Dean Leonard and Professor Susan Thrower. Campbell will be defined as including its Board of Trustees, all senior officers, all Deans of the Law school, all employees and all agents including their lawyers. The release will contain language necessary to effect a complete release of all claims and possible claims Mr. Jones might have under federal or state law.

    (b)    Persons signing a full release of Mr. Jones will include Campbell University and all of the Defendants and former Defendants and their lawyers. ▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

(3)    *Non-Admission of Liability*. The Agreement will contain a clause stating that Campbell is not admitting liability ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇s associated with litigation.

(4)    *Non-Disparagement Clause*. Mr. Jones will accept the terms for a mutual non-disparagement clause as explained in our letter of September 9, 2020. That provision will be as follows:

    (a)    JONES agrees that as of the effective date of this Agreement, he will not hereafter say, write, publish or do anything to disparage or discredit UNIVERSITY or any of the other RELEASED PARTIES or their services, members of the Board of Trustees, officers, deans, professors, employees, agents (including their lawyers). This includes doing or saying anything (e.g. including but not limited to postings or publications on the internet, newspaper articles or editorial, television or radio appearances, articles or books, or through social media avenues) that a reasonable person would expect at the time would have the effect of diminishing or constraining the goodwill and good reputation of the UNIVERSITY, any of the other RELEASED PARTIES, and any other persons covered by this paragraph. This obligation includes refraining from negative statements about UNIVERSITY, any of the other RELEASED PARTIES or any of the other persons covered by this paragraph, and their moral character, methods of doing business and the quality of their services, products, or personnel.

    (b)    The term "Released Parties" includes all of the current defendants, Dean Leonard and Professor Thrower. Campbell is also a "Released Party" and it is defined to include all of its officers, Deans, Associate Deans, Professors, members of the Board of Trustees, employees and all agents including its lawyers who have made a notice of appearance in *Jones v. Campbell University Incorporated, et al.*, No. 5:20-CV-00029-BO (E.D.N.C.)

(c)     Campbell will agree to a reciprocal non-disparagement clause for Mr Jones but the persons bound will be Campbell's officers, Board of Trustees, law school Deans, all current and former defendants, and Ogletree Deakins attorneys who have made an appearance in *Jones v. Campbell, et al*, No. 5:20-cv-00029-BO (E.D.N.C.)

Redacted

(12)    *Remedies for Breach of the Agreement.* The parties will agree that any party can seek injunctive relief for breaches of the Agreement. Mr. Jones will agree that the amount of damages suffered by Campbell because of any breach by Mr. Jones would be difficult to calculate and that he therefore agrees to pay liquidated damages as a fair measure of any injury to Campbell or the other parties because of a breach by him. Mr. Jones will agree that he will pay liquidated damages in the amount of $125,000.00, or half of the total payment to him by Campbell, if a court determines that he has breached the Agreement. Mr. Jones will also agree that he has irrevocably released and waived all of his claims and potential claims against Campbell and the other parties to the Agreement and that any action to enforce the Agreement or holding by

a court finding that Jones has breached the Agreement shall not revive any of the claims he has waived and released.

(13) *Reimbursement of Legal Fees and Costs.* The parties to the Agreement will agree that in any action to enforce the Agreement, the prevailing party shall be paid by the other party all reasonable attorney's fees and costs incurred by the prevailing party in enforcing the Agreement as provided herein.

(14) *Choice of Law.* Mr. Jones will agree that the Agreement shall be interpreted according to the law of the State of North Carolina.

(15) *Severability.* The Agreement will provide that if any sentence or paragraph or subparagraph is found to be unenforceable by a court, any such ruling shall not affect the enforcement of the remaining terms of the agreement which will remain in full force and effect.

(16) *Forum Selection.* In the event of future alleged breaches of the Agreement, Mr. Jones will stipulate that he has sufficient minimum contacts with the state of North Carolina for purposes of North Carolina courts exercising personal jurisdiction over him and that he consents to the exercise of personal jurisdiction over him by either the North Carolina General Court of Justice for Wake County, or the United States District Court for the Eastern District of North Carolina.

(17) *Stipulation of Dismissal with Prejudice.* Mr. Jones will agree to file a stipulation of dismissal with prejudice of all claims against all defendants including their employees and agents and stating that each side will bear their own attorney's fees and costs.

REDACTED

(a) 

(b)     Upon acceptance of this proposal by Mr. Jones, Campbell will prepare a more detailed document reflecting the terms of this settlement and with signature lines for all parties and their counsel. If the parties do not reach consensus on the terms of a more detailed document within two weeks of Mr. Jones's acceptance of this proposal, either side will be free to file a motion with the federal court seeking an order dismissing this case with prejudice and enforcing this Agreement.

(c)     Because the parties will have agreed that this letter and its proposed settlement terms are confidential, the parties agree that any motion to enforce this Agreement will be filed under seal with the United States District Court for the Eastern District of North Carolina.

(d)     This paragraph and its subparts shall not be interpreted as preventing the parties from filing notice with the court that the case and all disputes between the parties been settled and that the parties expect that a stipulation of dismissal shall be filed within two weeks.

## CONCLUSION

We are preparing to move forward with Mr. Jones's deposition and his IME. Nevertheless, we hope that Mr. Jones will accept this proposal.

Thank you for your consideration.

Very truly yours,

*/s/ Thomas A. Farr*

Thomas A. Farr

TAF:kmy

cc:    Karen Suber
       Cheyenne Chambers
       Gina Calabro
       Alyssa Riggins

44177234.1