IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-29-BO

AMOS N. JONES, )
        Plaintiff, )
v. )   O R D E R
 )
CAMPBELL UNIVERSITY, *et al.*, )
        Defendants. )

This cause comes before the Court on an order and memorandum and recommendation of United States Magistrate Judge Robert B. Jones, Jr. Since entry of the memorandum and recommendation (M&R), several other motions have been filed. For the reasons that follow, the memorandum and recommendation of Magistrate Judge Jones is adopted in part, the order of Magistrate Judge Jones is affirmed, and this matter is dismissed without prejudice.

## BACKGROUND

Plaintiff is a former professor of law at Campbell University Law School. He filed this lawsuit on December 12, 2017, in the Superior Court for the District of Columbia alleging, among other things, that he was discriminated against on the basis of his race when he was not granted tenure, and further that he was discharged from his employment in retaliation for filing a charge of discrimination with the Equal Employment Opportunity Commission. *See, generally,* [DE 14; 36]. The superior court action was removed to the United States District Court for the District of Columbia and the claims against Campbell University and the Campbell Law School defendants were ultimately transferred to this Court. [DE 45; 48]. The District Court for the District of Columbia also imposed a $2,500 sanction against plaintiff's counsel under Fed. R. Civ. P. 11 for his arguments made in support of that court's jurisdiction. [DE 45].

Following its transfer to this Court, discovery disputes arose, some of which were adjudicated by Magistrate Judge Jones, some of which were adjudicated by the undersigned, and some of which remain pending. On September 30, 2020, plaintiff filed a motion to dismiss his case without prejudice due to health concerns, including his exposure to and symptoms consistent with COVID-19. [DE 118]. Plaintiff stated that he intended to reinstitute the suit as soon as possible "when he is physically healthy and fit again." *Id.* Defendants immediately notified the Court that they intended to respond to the motion to dismiss and filed their response in opposition shortly thereafter. [DE 124]. At bottom, defendants opposed dismissal of the action, asked that plaintiff's claims be dismissed with prejudice, and further requested that, should dismissal without prejudice be allowed, certain conditions be imposed on plaintiff should he refile his complaint. *Id.*

Defendants then filed their own motion to dismiss plaintiff's complaint with prejudice, or in the alternative compel plaintiff's deposition and independent medical examination. [DE 134]. Approximately two weeks later, plaintiff moved to convert his motion to dismiss to a motion to stay. [DE 140]. Plaintiff informed the Court that he had identified the cause of some of his health concerns and was to receive surgical treatment; plaintiff asked that instead of dismissing the case without prejudice the Court stay the case for a period of six months to allow for plaintiff's recovery. [DE 140]. On December 3, 2020, the Court granted the motion to convert the motion to dismiss to a motion to stay, granted the motion to stay, and stayed the case for a period of 120 days.

Well-prior to the actual expiration of the stay, plaintiff moved to extend the stay. [DE 145]. The Court denied that request and referred all pending motions in this matter to Magistrate Judge Jones for ruling or entry of a memorandum and recommendation as appropriate. [DE 155]. The next day, plaintiff filed a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i). [DE 156]. Plaintiff states that "This Notice Dismisses this Action Immediately." *Id.* Plaintiff argues that,

2

although defendants have answered the complaint, no motion for summary judgment has been filed and thus he could dismiss his pleading absent a court order or a stipulation by defendants. *Id.* Plaintiff also argues that his prior Rule 41(a) motion has been pending since it was filed on September 30, 2020, and that he has renewed his request for ruling in his brief filed at [DE 153]. Plaintiff has also moved to allow each of his current attorneys to withdraw. [DE 162].

Magistrate Judge Jones entered his order and M&R on May 14, 2021. [DE 163]. Defendants then moved for Rule 11 sanctions against plaintiff and plaintiff moved to disqualify defense counsel. [DE 165; 172]. On July 15, 2021, plaintiff moved for Rule 26(g) sanctions against defendants.

## DISCUSSION

A district court is required to review *de novo* those portions of an M&R to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). "[I]n the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation and citation omitted). The district court is only required to make a *de novo* determination of those specific findings to which the plaintiff has actually objected. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

The M&R recommends granting defendants' motion to dismiss [DE 134] and dismissal of plaintiff's complaint with prejudice as a sanction for failing to appear for his deposition despite being served with proper notice. The M&R further recommends denial of the remainder of the pending motions as moot. Plaintiff objects to dismissal of his complaint with prejudice. Magistrate Judge Jones also awarded defendants their fees and costs associated with the deposition. This

3

award was well-within the authority of the magistrate judge pursuant to 28 U.S.C. § 636 and Local Civil Rule 72.3. Accordingly, to the extent plaintiff objects to the award of fees and costs, the Court construes such an objection as an appeal seeking review of the magistrate judge's order. *See* Local Civil Rule 72.4.

A.   Dismissal plaintiff's claims.

The most specific objections raised by plaintiff to the recommendation that his complaint be dismissed with prejudice concern the facts and circumstances which surround plaintiff's failure to appear for his deposition on November 10, 2020. Plaintiff argues that the deposition was scheduled without consulting with or obtaining an agreement from plaintiff and that plaintiff had a conflict with the deposition date because he had been ordered by a judge to attend a conference in Washington that had been previously scheduled.

Defendants' motion to dismiss includes as an exhibit a letter and amended notice of deposition of plaintiff on November 10, 2020. [DE 134-1]. The letter indicates that defendants are open to agreeing to the alternate dates of November 11 or November 12 if those dates work better for plaintiff. *Id.* The letter further states that if plaintiff was still too ill to attend the deposition on November 10 to please alert defense counsel as soon as possible but not later than October 30, 2020. *Id.*

Plaintiff does not contend that he did not receive notice of the November 10, 2020, deposition. Nor does he contend that he attempted to contact defense counsel to alert them of a conflict and was unable to do so. Plaintiff has not identified in his objection to the M&R any exhibit which would support a finding that defendants were aware of his scheduling conflict. And, finally, the record does not reflect the filing of a motion for protective order to prevent plaintiff from having to attend the November 10, 2020, deposition.

4

Plaintiff points to an apparent "agreed-nonparticipation in discovery dated August 17, 2020" provided at Exhibit A, Part 1. This exhibit contains an email from defense counsel regarding versions of a draft consent protective order governing confidential information and well as a recap of a meeting during which plaintiff apparently agreed to supplement his discovery production and further expressed objections to two of defendants' discovery requests. [DE 164-1 at 3-4]. Although the email reflects that both sides apparently believed further discovery should not be supplied until they finalized a proposed consent protective order, any agreement between the parties would be insufficient to stay any deadlines imposed by this Court.[1] *See* Fed. R. Civ. P. 16(b)(4); *Powell v. Kamireddy*, No. 7:13-CV-00267-F, 2015 WL 333015, at *2 (E.D.N.C. Jan. 26, 2015). Moreover, although plaintiff filed a motion to stay discovery on August 19, 2020, [DE 103], no stay of discovery was ordered by the Court. Accordingly, all discovery deadlines remained applicable at the time defendants noticed plaintiff's deposition on November 10, 2020.

"[T]he Federal Rules do not allow a party to decide unilaterally that they will not attend a properly noticed deposition." *Johnson v. N. Carolina Dep't of Just.*, No. 5:16-CV-00679-FL, 2018 WL 5831997, at *3 (E.D.N.C. Nov. 7, 2018). Rule 30(d) permits a court to impose sanctions on a party who fails to appear for a deposition that has been properly noticed. Fed. R. Civ. P. 30(d)(2). Rule 37 further permits a court to impose sanctions, including dismissal, for failure to comply with discovery obligations, including a party's attendance of a properly noticed deposition. Fed. R. Civ. P. 37(d)(1)(A); (d)(1)(A)(3); *see also Riggins v. Steel Techs.*, 48 F. App'x 460, 462 (4th Cir. 2002).

Prior to imposing dismissal of an action as a discovery sanction, a court must consider (1) whether there has been bad faith on the part of the non-complying party, (2) the amount of prejudice the non-compliance has caused the other party, (3) the need for deterrence of this sort of

---

[1] To that end, defendants filed their own motion for entry of a standard protective order governing confidential information. [DE 112].

5

Case 5:20-cv-00029-BO Document 186 Filed 07/20/21 Page 5 of 9

non-compliance, and (4) whether less drastic sanctions would be effective. *Hillig v. Comm'r*, 916 F.2d 171, 174 (4th Cir. 1990); *see also Carter v. Univ. of W. Virginia Sys., Bd. of Trustees*, 23 F.3d 400 (4th Cir. 1994) ("The legal standard for dismissals under Rule 37 is virtually the same as that for dismissals for failure to prosecute under Rule 41.").

What makes this case somewhat unusual is that plaintiff himself seeks dismissal of this action, albeit without prejudice. Indeed, plaintiff has attempted to voluntarily dismiss the case as recently as April 15, 2021, and continues to request dismissal in his objections to the recommendations of the magistrate judge. [DE 164 at 7] ("all plaintiff seeks here and now (again) is Rule 41(a)(2) voluntary dismissal without prejudice"). Thus, the Court need only to consider whether dismissal of this action with or without prejudice is appropriate. The Court in its discretion determines that dismissal without prejudice is the appropriate resolution to this case. As discussed below, the Court affirms the magistrate judge's decision to award fees and costs associated with the November 10, 2020, deposition. This is a sufficient sanction for plaintiff's unwarranted failure to appear. Plaintiff's agreement that his case should be dismissed further supports that a sanction less drastic than dismissal with prejudice is appropriate.

Accordingly, the Court adopts the portion of the memorandum and recommendation finding that plaintiff failed to attend his properly noticed deposition. However, the Court rejects the magistrate judge's recommendation to grant defendants' motion to dismiss the complaint with prejudice as a sanction for failure to comply with discovery or diligently prosecute this action. [DE 134]. The Court will, however, dismiss this action without prejudice in light of plaintiff's repeated request to do so.

6

B.  Award of fees and costs.

On review of an order of a magistrate judge, the district court must determine whether the magistrate's judge's order is clearly erroneous or contrary to law. Local Civil Rule 72.4(a); *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 782 (E.D.N.C. 2011). "A factual finding is clearly erroneous when [a court is] 'left with the definite and firm conviction that a mistake has been committed.'" *TFWS, Inc. v. Franchot*, 572 F.3d 186, 196 (4th Cir. 2009) (citation omitted). A ruling that is contrary to law is one where "the magistrate judge has misinterpreted or misapplied applicable law." *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008).

Plaintiff's objection to Magistrate Judge Jones's award of reasonable costs and attorney fees associated with the November 10, 2020, deposition consists primarily of an argument that those costs should be "in the negative" because the deposition was conjured and unreasonable. Plaintiff further argues that defendants should be equitably estopped from received the costs associated with the deposition plaintiff unilaterally failed to attend. Plaintiff has failed to demonstrate that the magistrate judge's order is contrary to law or is based on clearly erroneous factual findings. As discussed above, plaintiff does not contest that he received notice of the November 10, 2020, deposition or that he failed to seek protection from the Court from having to attend. Plaintiff has further provided no evidence which would demonstrate that defense counsel was aware of any conflict in plaintiff's schedule; indeed, defense counsel offered alternative dates to plaintiff should he have a conflict with November 10.

The magistrate judge's order assessing reasonable fees and costs is both contemplated by the Federal Rules of Civil Procedure and adequately supported by this record. The Court declines to disturb this decision.

C. Motion for Rule 11 sanctions and Motion for Rule 26(g) sanctions

In light of the above dismissal of this action without prejudice, the Court determines that the majority of the remaining motions are moot, including plaintiff's recently filed request for sanctions under Fed. R. Civ. P. 26(g). Defendants' motion for Rule 11 sanctions is not, however, mooted by dismissal of this action. *See Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 395 (1990). Defendants seek sanctions against plaintiff for the filing of a specious notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i). [DE 156].

Federal Rule of Civil Procedure 11(c) provides that sanctions are appropriate if a party violates Rule 11(b). Rule 11(b) provides that, by submitting documents to the Court, a party certifies that, to the best of his knowledge, (1) they are not submitted for an improper purpose; (2) the claims, defenses, and other legal contentions are warranted by existing law or a nonfrivolous argument for extending the law; (3) the factual contentions have evidentiary support; and (4) the denials of factual contentions are warranted on the evidence. Fed. R. Civ. P. 11(b). "Motions for sanctions are to be filed sparingly." *Thomas v. Treasury Mgmt. Ass'n, Inc.*, 158 F.R.D. 364, 366 (D. Md. 1994). Whether to impose sanctions for conduct which violates Rule 11 is within the discretion of the court. *Id.* at 369.

Despite there being no basis for plaintiff's attempt to unilaterally dismiss his complaint without prejudice in April 2021 after defendants had answered his complaint, the Court in its discretion declines to impose sanctions for plaintiff's conduct. The Court has already determined that dismissal of this action without prejudice is appropriate, and accordingly determines that no additional sanction is necessary under the facts and circumstances presented here.

8

## CONCLUSION

The Memorandum and Recommendation entered by Magistrate Judge Jones is ADOPTED IN PART and REJECTED IN PART. On plaintiff's request, his complaint is hereby DISMISSED WITHOUT PREJUDICE.

The Court AFFIRMS Magistrate Judge Jones' order awarding reasonable fees and costs associated with the November 10, 2020, deposition to defendants. The clerk is DIRECTED to refer defendants' motion for attorney fees and costs [DE 169] to Magistrate Judge Jones for entry of an order.

Defendants' motion for sanctions under Fed. R. Civ. P. 11 [DE 165] is DENIED. The remainder of the motions pending in the case are DENIED AS MOOT. The clerk is DIRECTED to close this case. The Court retains jurisdiction over the matter for entry of an order by the magistrate judge of the amount of attorney fees and costs awarded.

SO ORDERED, this 19 day of July, 2021.

*/s/ Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE