| | |
|---|---|
| AMOS N. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| CAMPBELL UNIVERSITY, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on Defendants' Motion for Attorneys' Fees and Costs. [DE-169]. Plaintiff filed a memorandum in opposition to the motion, [DE-176], and the time for further briefing has expired. For the reasons that follow, the motion is allowed and Plaintiff or his counsel shall pay Defendants the sum of $7,014.65 as a sanction for failing to attend Plaintiff's properly noticed deposition. This order is stayed pending the court's ruling on Plaintiff's motion to alter judgment.[1] [DE-188].

## I. Background

The procedural history of this case is well-documented in prior orders, [DE-163, -186], and is incorporated here by reference. Particularly relevant to the instant motion is the following case history.

On November 13, 2020, Defendants moved to dismiss Plaintiff's amended complaint with prejudice pursuant to Fed. R. Civ. P. 37(d) and 41(b) based on Plaintiff's failure to attend his deposition noticed for November 10, 2020, his lack of diligence in prosecuting his claims, and his

---

[1] Plaintiff in his response requests the district court certify "the disputed magistrate's order for immediate appeal under § 1292[.]" Pl.'s Mem. [DE-176] at 17. Plaintiff's motion to amend judgment [DE-188], pending before Judge Boyle, seeks the same certification and, accordingly, it is not addressed here.

failure to meaningfully participate in the discovery process. [DE-134]. Part of the relief sought in the motion was for an award of attorney's fees and costs associated with Plaintiff's failure to attend his deposition and with bringing the motion to dismiss. *Id.* On November 16, 2020, Plaintiff filed a notice regarding the motion to dismiss indicating that a fuller memorandum would be filed in the coming days, [DE-136], but no such memorandum was filed. The motion was referred to the undersigned on April 14, 2021. [DE-155]. On May 14, 2021, the undersigned entered an Order and Memorandum and Recommendation that, in relevant part, recommended allowing Defendants' motion to dismiss with prejudice and ordered Plaintiff to pay Defendants' reasonable costs and attorney's fees associated with Plaintiff's failure to attend his November 10, 2020 deposition. [DE-163]. Defendants, in response to the court's order, filed the instant motion for fees and costs seeking payment of $30,422.01, [DE-169], to which Plaintiff filed a response in opposition, [DE-176]. Plaintiff also objected to the recommendation that the dismissal be *with prejudice* and appealed the award of fees and costs to Judge Boyle. [DE-164]. The court sustained in part the objection, dismissing Plaintiff's claims *without* prejudice, and affirmed the award of fees and costs. [DE-186]. Plaintiff then filed a motion to amend the court's judgment, asking the court to disaffirm the award of fees and costs, which is pending before Judge Boyle. [DE-188].

## II. Analysis

The court may sanction a party who fails to appear for his deposition after being served with proper notice, Fed. R. Civ. P. 37(d)(1)(A)(i), and among the available sanctions is dismissal, Fed. R. Civ. P. 37(b)(2)(A)(v), which the court imposed against Plaintiff. The rule further provides that

> Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

2

Fed. R. Civ. P. 37(d)(3).

Defendants sought not only dismissal of Plaintiff's action for his unjustified failure to appear at his properly noticed deposition, but they also requested the court award reasonable attorney's fees and expenses incurred due to Plaintiff's failure to appear for his deposition and in bringing the motion to dismiss. These costs include, among other things, the expenses for the court reporter, videographer, and Defendants' expert Dr. Tabrizi, who Plaintiff had notice would be in attendance. Defs.' Mot. [DE-134] at 4; Defs.' Mem. [DE-135] at 5. Plaintiff's notice in response to the motion did not address Defendants' request for attorney's fees and costs. Pl.'s Notice [DE-136].

The undersigned found an award of attorney's fees and costs associated with Plaintiff's failure to attend his deposition was appropriate, reasoning as follows:

> Plaintiff has presented no grounds from which the court could find that his failure to appear at the November 10, 2020 deposition was substantially justified or that the circumstances would make an award of expenses unjust. Plaintiff simply prioritized other matters, failed to appear, and failed to provide notice that he would not appear, causing Defendants to unnecessarily expend substantial resources on a deposition that did not occur.

*Jones v. Campbell Univ., Inc.*, No. 5:20-CV-29-BO, 2021 WL 3087652, at *3 (E.D.N.C. May 14, 2021), *adopted in part, rejected in part* 2021 WL 3053314 (E.D.N.C. July 20, 2021). The undersigned declined to award attorney's fees and costs associated with bringing the motion. *Id.* at *4. Defendants were ordered to file an affidavit setting out their attorney's fees and costs associated with the deposition and a supportive memorandum of law, and Plaintiff was given an opportunity to file a response. *Id.*

Plaintiff appealed the award of fees and costs on the grounds that the deposition was conjured and unreasonable, but Judge Boyle affirmed the award as "both contemplated by the

Federal Rules of Civil Procedure and adequately supported by this record." *Jones*, 2021 WL 3053314, at *4. The court explained that Plaintiff

> failed to demonstrate that the magistrate judge's order is contrary to law or is based on clearly erroneous factual findings. As discussed above, plaintiff does not contest that he received notice of the November 10, 2020, deposition or that he failed to seek protection from the Court from having to attend. Plaintiff has further provided no evidence which would demonstrate that defense counsel was aware of any conflict in plaintiff's schedule; indeed, defense counsel offered alternative dates to plaintiff should he have a conflict with November 10.

*Id.* Accordingly, the court has already determined that the award of attorney's fees and costs is appropriate, and the court must now determine whether the $30,422.01 requested by Defendants is reasonable.

When calculating attorney's fees, the court must "determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Brodziak v. Runyon*, 145 F .3d 194, 196 (4th Cir. 1998) (quotations and alteration omitted); *see Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009); *Grissom v. Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008). The court does so by applying the *Johnson/Barber* factors. *See Hensley v. Eckerhart*, 461 U.S. 424, 433–34 & n.9 (1983) (explaining lodestar calculations and approving the twelve-factor test set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989)); *Barber v. Kimbrell's, Inc.*, 577 F .2d 216, 226 n.28 (4th Cir. 1978) (adopting *Johnson's* twelve-factor test).

The *Johnson/Barber* factors include:

(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of

4

the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases.

*Grissom*, 549 F.3d at 321 (citation omitted). Although the *Johnson/Barber* factors often are subsumed in the district court's determination of the lodestar figure, the court also may consider those factors in evaluating whether the lodestar figure is reasonable. *Hensley*, 461 U.S. at 434 n.9. However, a court need not list each *Johnson/Barber* factor or comment on those factors that do not apply. *See, e.g., Bergstrom v. Dalkon Shield Claimants Trust (In re A.H Robins Co.)*, 86 F.3d 364, 376 (4th Cir. 1996) ("the district court considered those factors of the litany that are applicable to the present fee determination, and the district court is under no obligation to go through the inquiry of those factors that do not fit").

Defendants seek payment of $30,422.01, consisting of $23,432.85 in attorney's fees and $6,989.16 in costs associated with Plaintiff's November 10, 2020 deposition that he failed to attend. Defs.' Mot. [DE-169] at 2. In support of the motion, Defendants provided declarations from defense counsel regarding their rates and time expended, a declaration from the defense's expert regarding his rate and time expended, and declarations of two attorneys not associated with this case regarding the reasonableness of defense counsel's market rates and time expended. Defs.' Mem., Exs. 1–6 [DE-170-1 through -6].

Plaintiff's response largely focuses on arguments related to the court's decision to award fees and costs rather than the reasonableness of the amount Defendants requested. Pl.'s Mem. [DE-176] at 1–17. Plaintiff had an opportunity to raise these arguments in response to Defendants' motion to dismiss in which they requested that attorney's fees and costs be awarded against Plaintiff, but Plaintiff failed to do so. *See* Pl.'s Notice [DE-136]. Plaintiff did raise many of these

arguments in his appeal of the award, and the arguments were rejected. *See Jones*, 2021 WL 3053314, at *4. Notwithstanding, the court will recount why Plaintiff's arguments lack merit.

First, Plaintiff argues that he provided written notice to Defendants by letter of September 14, 2020 that he was not available for deposition and that the parties had agreed on August 17, 2020 to defer discovery pending ruling by the court on certain motions. Pl.'s Mem. [DE-176] at 2–9. The September 14 letter from Jones's counsel to defense counsel stated that Jones was "not available to visit Raleigh to be deposed over several days starting October 5," exhibited orders indicating Jones must be in trial in Washington, D.C. on October 7–8, and affirmed that they would schedule depositions once the court ruled on Plaintiff's motion to stay discovery. Pl.'s Mem., Ex. A [DE-176-1] at 3–4. The September 14 letter does not demonstrate that Plaintiff was unavailable for deposition on November 10, and it was not until October 22, 2020, *after* the time Plaintiff indicated he was unavailable due to a conflict, that Defendants noticed Plaintiff's deposition for November 10, 2020.

In a letter accompanying the deposition notice, defense counsel indicated they were "open to agreeing to the alternate dates of November 11 or November 12 if those dates work better for Mr. Jones" and requested that "[i]f Mr. Jones is still too ill to attend a deposition on November 10, and subsequent IME the week of November 16, 2020, please let us know as soon as possible, but no later than October 30, 2020." [DE-134-1] at 3. Even assuming Defendants had previously agreed to defer discovery until after the court's ruling on certain motions, it was apparent from Defendants' notice of deposition and letter that their position had changed. Importantly, as the district court observed in rejecting this argument, "although plaintiff filed a motion to stay discovery on August 19, 2020, [DE 103], no stay of discovery was ordered by the Court. Accordingly, all discovery deadlines remained applicable at the time defendants noticed

plaintiff[']s deposition on November 10, 2020," and "[t]he Federal Rules do not allow a party to decide unilaterally that they will not attend a properly noticed deposition." *Jones*, 2021 WL 3053314, at *3. Plaintiff neither lodged an objection with Defendants nor sought protection from the court in response to the deposition notice. Accordingly, the court again finds Plaintiff's failure to appear at the properly noticed deposition was not substantially justified.

Next, Plaintiff argues that it would be unjust to reward Defendants with monetary payments, essentially expounding on arguments made to the court on appeal of the award of fees and costs. Pl.'s Mem. [DE-176] at 9–14. Plaintiff points again to the September 14 letter and August 17 agreement to defer discovery, as well as his medical problems and an order for Plaintiff to appear at a mediation in Washington, D.C. on November 10, 2020. *Id.* The September 14 letter and August 17 agreement to defer discovery do not support a finding that a monetary sanction would be unjust for the same reasons they do not justify Plaintiff's failure to attend the deposition discussed above. Plaintiff's medical problems, as the court previously recognized, did not prevent him from participating in other matters which he prioritized over this case. *See Jones*, 2021 WL 3087652, at *2 ("[R]ather than participate in discovery, Plaintiff has sought multiple stays and voluntary dismissals without prejudice, largely bringing this case to a standstill, while pursuing litigation in other courts." (citing Pl.'s Notice [DE-136] at 1–2 (citing Plaintiff's schedule in a trio of other federal cases and his appearance at a mediation in another case as reasons he did not appear at his deposition); Apr. 14, 2021 Order [DE-155] (denying motion to stay for medical reasons where Plaintiff is represented by multiple counsel and recently filed a new action in the U.S. District Court for the District of Columbia))). If Plaintiff had a pre-existing court appearance on November 10, he could have notified Defendants of his need to reschedule or, if necessary, sought relief from the court, but Plaintiff did neither. Accordingly, it was Plaintiff's unjustified

7
Case 5:20-cv-00029-BO   Document 195   Filed 08/16/21   Page 7 of 11

inactivity that caused Defendants to "unnecessarily expend substantial resources on a deposition that did not occur," *id.* at *3, and he has failed to demonstrate that an award of fees and costs would be unjust.

Finally, Plaintiff argues that Defendants' motion fails under the text of Rule 37 and the equities. Pl.'s Mem. [DE-176] at 14–17. Plaintiff first argues that because there was no order compelling Plaintiff to attend a deposition, he violated no order and cannot be sanctioned under Rule 37. *Id.* at 14. This is an indefensible reading of the Rule.[2] While Rule 37(b) governs failures to comply with a court order, subsection (d) expressly allows the court to order sanctions if a party failed to appear for that person's properly noticed deposition. Fed. R. Civ. P. 37(d)(1). Plaintiff also argues that he cannot be sanctioned under Rule 37(d) because the notice was not reasonable for the reasons Plaintiff previously asserted. Plaintiff's objections to the reasonableness of the notice lack merit for the reasons stated above. The notice was both reasonable and procedurally proper, and the equities do not favor Plaintiff.

Turning to the reasonableness of the attorney's fees and costs requested, other than making the conclusory assertion that an award of more than $30,000 would be unjust, Plaintiff makes no specific argument as to the reasonableness of the hourly rate, number of hours expended, or costs. Nonetheless, the court must be satisfied that any award is reasonable.

Defense counsel assert they expended 52.3 hours of attorney time related to Plaintiff's deposition—Thomas Farr, 42.8 hours at $477.00 per hour; Regina Calabro, 1.7 hours at $391.50 per hour; and Alyssa Riggins, 7.8 hours at $301.50 per hour—for a total of $23,432.85 in attorney's fees. Decl. [DE-170-1 to 170-3]. Defendants provided declarations from two experienced

---

[2] As noted previously by the court, Plaintiff has exhibited a pattern in this case of violating the Federal and Local Civil Rules, as well as filing a "specious notice of voluntary dismissal" and a notice of forthcoming stipulated dismissal *with prejudice* that Defendants disavowed. *See Jones*, 2021 WL 3087652, at *3, n.1.

attorneys with employment and labor law practices in this district who opined that defense counsel's rates charged in this matter are reasonable and customary for the legal market in Raleigh, North Carolina. Decl. [DE-170-5 to 170-6]. Plaintiff presented no argument or evidence that would demonstrate these rates are unreasonable, and the court has found similar rates reasonable in the past. *See Lorenzo v. Prime Commc'ns, L.P.*, No. 5:12-CV-69-H-KS, 2018 WL 10689708, at *6 (E.D.N.C. Sept. 28, 2018) (finding rates ranging from $250 to $425 per hour were reasonable hourly rates in employment litigation case). Mr. Farr, during the time at issue, was a shareholder at Ogletree Deakins and had been practicing employment law for nearly forty years. Decl. [DE-170-1] ¶ 3. Ms. Calabro was also a shareholder at Ogletree Deakins with approximately twenty-five years of employment law experience. Decl. [DE-170-2] ¶ 3. Ms. Riggins was an associate at Ogletree Deakins with four years of employment law experience. Decl. [DE-170-3] ¶ 3. The court finds the rates charged were reasonable and in line with the market rate in Raleigh, North Carolina for employment law litigation in federal court.

Turning to the number of hours expended, the court in its discretion declines to award attorney's fees for the full 52.3 hours expended. Plaintiff has already suffered the harsh sanction of dismissal for, among other reasons, failing to appear at his deposition. The court finds under the circumstances and having considered the *Johnson/Barber* factors that an award of $5,888.70 in attorney's fees based on 10.5 hours of time for Mr. Farr (consisting of deposition preparation on November 9 and attendance at the deposition on November 10), 0.4 hours for Ms. Calabro (consisting of deposition preparation on November 9), and 2.4 hours for Ms. Riggins (consisting of deposition preparation on November 9 and attendance at the deposition on November 10) is reasonable.

Defendants also seek $6,989.16 in costs, consisting of $485.00 for the deposition videographer, $1,131.46 for the deposition transcript, $322.70 for deposition exhibit copies, and $5,050.00 for the defense expert's fee. Decl., Ex. B [DE-170-1] at 8–11. The court declines to award certain charges related to the stenographic transcript for expedited processing, per diem, processing, and exhibit reproduction and scanning, consistent with its treatment of fee requests under 28 U.S.C. § 1920 and Local Civil Rule 54.1. *See Benjamin v. Sparks*, No. 4:14-CV-186-D, 2020 WL 1943474, at *2 (E.D.N.C. Apr. 22, 2020) (excluding, in the context of a Bill of Costs, transcript fee charges for exhibits, delivery, shipping and handling, litigation support packages, room rentals, and condensed transcript services). However, Plaintiff had notice that the deposition would be recorded by both video and stenographic means and did not object; therefore, he is reasonably charged with the cost of both. *See SAS Inst., Inc. v. World Programming Ltd.*, No. 5:10-CV-25-FL, 2016 WL 4995071, at *2 (E.D.N.C. Sept. 19, 2016) ("Where a party notices a deposition to be recorded by both electronic and stenographic means, and the other party raises no objections at that time, the court will award the costs of both recordings."). The court declines to award the cost of the expert's fee. While having the expert present at deposition may have been helpful at the deposition and when the expert conducted the IME, the court finds it was not necessary for the conduct of the deposition. Finally, the copy costs of deposition exhibits are reasonable. Accordingly, the court finds costs of $1,125.95 to be reasonable.

## III. Conclusion

In sum, for the reasons stated above, Defendants' motion is allowed, and Plaintiff or his counsel shall pay Defendants the sum of $7,014.65 as a sanction for failing to attend Plaintiff's properly noticed deposition. This order is stayed pending the court's ruling on Plaintiff's motion

10

to alter judgment. [DE-188].

So ordered, the 16th day of August 2021.

Robert B. Jones, Jr.
United States Magistrate Judge