IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-29-BO

AMOS N. JONES, )
        Plaintiff, )
v. ) ORDER
 )
CAMPBELL UNIVERSITY, *et al.*, )
        Defendants. )

This cause comes before the Court on plaintiff's application for temporary relief pending appeal. Defendants have responded, plaintiff has replied, and the matter is ripe for ruling. For the reasons that follow, plaintiff's motion is denied.

## DISCUSSION

Plaintiff seeks an order staying this Court's order requiring payment from plaintiff or plaintiff's counsel [DE 197] in the amount of $7,014.65 and staying the execution of the relevant portion of the order entered by the Court on July 20, 2021, pending plaintiff's in-progress appeal to the court of appeals. [DE 200].[1] Plaintiff moves pursuant to Fed. R. Civ. P. 62, Fed. R. App. P. 8(a)(1)(A), and Local Civil Rule 7.1.

Rule 62(b) of the Federal Rules of Civil Procedure states: "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). A party that posts a supersedeas bond pursuant to

---

[1] The Court notes that its order at [DE 197] was filed after plaintiff noticed his direct appeal. Plaintiff has appealed the Court's order at [DE 186] dismissing this action without prejudice and affirming the decision of the magistrate judge to assess plaintiff with attorney fees and costs for failure to attend a properly noticed deposition.

Rule 62(b) is entitled to a stay of execution of a final judgment as a matter of right. *See Kirby v. Gen. Elec. Co.*, 210 F.R.D. 180, 194–95 (W.D.N.C. 2000), *aff'd*, 20 F. App'x 167 (4th Cir. 2001) (determining that under former Rule 62(d), now Rule 62(b), the party posting the supersedeas bond is entitled to a stay as of right); *see also Fed. Prescription Serv., Inc. v. American Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980) ("Beyond question, Rule 62(d) entitles the appellant who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right.").

"When a party seeks a stay without the filing of a supersedeas bond, the issuance of a stay is a matter within the Court's discretion." *Diamond Falls Estates, LLC v. Nantahala Bank & Trust Co.*, 2015 U.S. Dist. LEXIS 143799, *2 (W.D.N.C. Oct. 22, 2015). Such is the case in the instant matter. The factors regulating issuance of a stay are, generally, "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Plaintiff has failed to make a sufficient showing that a stay is warranted. As to the first factor, plaintiff re-raises arguments made previously before this Court which it found unavailing. Though plaintiff mentions "deleterious financial and medical effects," he has not shown that he will suffer any irreparable injury absent a stay. *See Long v. Robinson*, 432 F.2d 977, 980 (4th Cir. 1970) (injuries "in terms of money, time, and energy necessarily expended in the absence of a stay [] are not enough.") (citation omitted). Plaintiff makes no argument regarding the impact to any other parties interested in the proceeding or the public interest. The burden is on plaintiff to demonstrate that a stay is warranted, *see id.* at 979, and he has failed to do so in this case.

Finally, in his reply, plaintiff asks that the Court approve a supersedeas bond pursuant to Rule 62(b) if it declines grant a stay. However, plaintiff has not presented the Court with a supersedeas bond or a motion to approve such bond. Plaintiff's request to approve a supersedeas bond prior to presenting a bond and moving for its approval is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's application for temporary relief pending appeal [DE 200] is DENIED.

SO ORDERED, this _21_ day of September, 2021.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3

Case 5:20-cv-00029-BO   Document 204   Filed 09/21/21   Page 3 of 3