IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-29-BO

| | | |
|---|---|---|
| AMOS N. JONES, | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| CAMPBELL UNIVERSITY, *et al.*, | ) | |
| Defendants. | ) | |

This cause comes before the Court on plaintiff's motion for approval of supersedeas bond and stay of execution of judgment. Defendants do not oppose approval of a supersedeas bond in principle.

Rule 62(b) of the Federal Rules of Civil Procedure states: "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). A party that posts a supersedeas bond pursuant to Rule 62(b) is entitled to a stay of execution of a final judgment as a matter of right. *See Kirby v. Gen. Elec. Co.*, 210 F.R.D. 180, 194–95 (W.D.N.C. 2000), *aff'd*, 20 F. App'x 167 (4th Cir. 2001) (determining that under former Rule 62(d), now Rule 62(b), the party posting the supersedeas bond is entitled to a stay as of right); *see also Fed. Prescription Serv., Inc. v. American Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980) ("Beyond question, Rule 62(d) entitles the appellant who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right."). In addition, "in order to give full security for the judgment, security must not only be given for the amount of the judgment, but for post judgment interest as well." *Ward v. AutoZoners, LLC*, No. 7:15-CV-164-FL, 2019 WL 7598817, at *1 (E.D.N.C. Feb. 11, 2019).

Plaintiff has clarified that he intends to deposit cash with the Court. The Court approves a supersedeas bond to be paid by plaintiff in cash to the Clerk's Office in the amount of the judgment, $7,014.65, plus post-judgment interest at the rate provided in 28 U.S.C. § 1961 as of the date of entry of judgment, 0.08%, through October 1, 2022. As the automatic stay provided by Fed. R. Civ. P. 62(a) has expired and as plaintiff has not paid any money into the Court or provided a surety, the Court requires plaintiff to make his deposit not later than November 5, 2021, in order for a stay pursuant to this order to take effect.

Accordingly, a stay of the judgment pursuant to Rule 62(b) shall commence on the date that plaintiff deposits $7,021.38 with the Clerk of Court, so long as the deposit is made not later than November 5, 2021. Plaintiff's motion [DE 205] is therefore GRANTED consistent with the foregoing.

SO ORDERED, this 29 day of October, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2